# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

RICHARD ALLEN HUTTON,      )
                                      )
      Plaintiff,              )
                                        )
VS.                              )        No. 19-1268-JDT-cgc
                                      )
JOHNNY ALEXANDER, ET AL.,    )
                                      )
      Defendants.         )

---

## ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
## OR PAY THE $400 CIVIL FILING FEE

---

On November 14, 2019, Plaintiff Richard Allen Hutton, who is incarcerated at the Hardin County Jail in Savannah, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his trust account statement for the six months immediately preceding the filing of the complaint. *Id.* § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff is not accompanied by a certified copy of his trust account statement. Accordingly, Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee[1] or a certified copy of his trust account statement for the last six months.[2] If Plaintiff needs additional time to file the required document, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605.[3]

If Plaintiff timely submits the necessary document and the Court finds that he is indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *McGore*, 114 F.3d at 605.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

 s/ **James D. Todd**　　　　　　　
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

———————————————

[1] The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires an additional administrative fee of $50 for filing any civil case. That additional fee will not apply if leave to proceed *in forma pauperis* is ultimately granted.

[2] Plaintiff does not need to submit another *in forma pauperis* affidavit.

[3] If Plaintiff is unable to obtain a trust account statement from prison officials, he should so notify the Court.